UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-05298-JLS-SSC                          Date: May 18, 2026
Title:  David Armando Garcia Lima v. Markwayne Mullin et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Doc. 4)**

Before the Court is an Ex Parte Application for a Temporary Restraining Order ("TRO") filed by Plaintiff David Armando Garcia Lima.  (TRO, Doc. 4.)  For the following reasons, the Court DENIES Plaintiff's Application.

I.      **BACKGROUND**

Plaintiff alleges he is a noncitizen residing in California without any criminal convictions.  (Compl. ¶ 5.)  On May 12, 2022, Plaintiff's removal proceedings were administratively closed.  (*Id.* ¶ 8.)  On December 5, 2022, USCIS approved Plaintiff's Form I-130, with a priority date of May 21, 2020.  (*Id.* ¶ 10.)  Plaintiff also has a pending Form I-601A Application for Provisional Unlawful Presence Waiver.  (*Id.* ¶ 11.)

On April 16, 2026, Immigration and Customs Enforcement ("ICE") issued a demand notice requiring Plaintiff to appear at an ICE appointment on May 19, 2026.  (*Id.* ¶¶ 12–13.)  Plaintiff now seeks declaratory relief, a TRO, and a preliminary injunction enjoining Defendants from arresting, detaining, or imposing restrictive supervision on Plaintiff during his check-in without adequate notice or process.  (*Id.* at 21–22; TRO.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-05298-JLS-SSC                                    Date: May 18, 2026
Title:  David Armando Garcia Lima v. Markwayne Mullin et al

## II.    ANALYSIS

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest." *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, Plaintiff has not included sufficient factual information to show a likelihood of success on the merits.  Attached to Plaintiff's TRO Application are the order administratively closing his removal proceedings, documents regarding his current

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-05298-JLS-SSC                                    Date: May 18, 2026
Title:  David Armando Garcia Lima v. Markwayne Mullin et al

immigration status, and the notice requiring him to appear at the hearing.  Plaintiff has not offered his own declaration, and has essentially provided no evidentiary facts in support of his application beyond that he was asked to appear at an appointment.

Second, while the notice to appear was sent on April 16, 2026, Plaintiff did not file his application for a TRO until over a month later—on the afternoon of May 17 2026—and less than 48 hours before his scheduled appointment.  A Plaintiff's delay in seeking a temporary restraining order undermines a showing of irreparable harm because it "implies a lack of urgency."  *Miller for and on Behalf of N.L.R.B. v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993).  Relatedly, it does not appear that Plaintiff gave proper notice to the Defendants of the TRO application.  Rather, Plaintiff's counsel identifies various government emails to which he sent the summons and complaint, along with notice of his intent to seek a TRO.  He then appears to request that the Court dispense with notice because of "the extreme time sensitivity" of this matter. (Doc. 4-1 at 4.)  Again, however, Plaintiff has known of the date for his hearing for at least a month; the urgency was created because Plaintiff did not file his application until the last minute.  That is not a proper basis for dispensing with notice.

Lastly, the possibility of Plaintiff's detention at his upcoming appointment remains speculative.  Plaintiff overstates the facts when he alleges that the notice he was given requires him to appear for an "Interview – Removal."  (Doc. 4 at 7.)  Rather, there is a box checked next to the word "Interview."  In contrast, the box next to "Removal" remains unchecked.  (Doc. 4-2.)  Speculative injury does not establish irreparable harm sufficient to warrant granting a preliminary injunction.  *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).  "A plaintiff must do more than merely allege imminent harm . . . a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."  *Id.*  Plaintiff has not done so here.

For the above reasons, Plaintiff's Ex Parte Application for a TRO is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-05298-JLS-SSC                              Date: May 18, 2026
Title:  David Armando Garcia Lima v. Markwayne Mullin et al

Initials of Deputy Clerk: kd